**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4533

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY JEROME SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:05-cr-00157-FL-1)

Submitted:  April 5, 2019                                        Decided:  April 8, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Nick J. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Jerome Smith appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Smith argues on appeal that his sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks and citation omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (brackets and internal quotation marks omitted). We presume that a revocation sentence within the policy statement range of Chapter 7 of the Sentencing Guidelines is substantively reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

Applying these standards, and after reviewing the sentencing transcripts and the materials submitted on appeal, we find that Smith's within-range sentence is not unreasonable, much less plainly so. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2